UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY WOODROFFE,

    Plaintiff,

v.        Case No:  2:14-cv-148-FtM-38DNF

STATE OF FLORIDA, LIZABETH LYNN LOTSEY, LEE HAWORTH, DEBORAH JOHNES RIVA, MALINDA PARKER OTTINGER, NORMAN LEVIN, and ANN L. VECHIO,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on pro se Plaintiff Gary Woodroffe's Affidavit of Indigency (Doc. 3) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) filed on March 17, 2014.  On March 27, 2014, the Court entered an Order (Doc. 7) explaining that it was unable to address whether Plaintiff qualified to proceed *in forma pauperis* due to deficiencies in Plaintiff's Verified Notice of Removal (Doc. 1).  The Court granted Plaintiff fourteen days to address these deficiencies before the Court ruled upon Plaintiff's request to proceed *in forma pauperis*.  On April 10, 2014, Plaintiff filed a Supplemental Verfieid Emergency Amended Notice of Removal (Doc. 10).  For the reasons explained below, the Court respectfully recommends that this case be **DISMISSED**.

    When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which

relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915.

The case Plaintiff seeks to remove is a state court domestic relations action.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1146(a). This requirement is reflected in Local Rule 4.02(b) which requires the party effecting removal to file with the notice of removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the state court.

Upon review of Plaintiff's Supplemental Verified Emergency Amended Notice of Removal, the Court finds that Plaintiff has failed to cure the deficiencies noted by the Court in its previous Order (Doc. 7).  Plaintiff failed to show why the Court should dispense with the geographical requirement of 28 U.S.C. § 1441(a).  The state action Plaintiff seeks to remove is from the Twelfth Circuit Court of Florida, in and for Sarasota County.  As Sarasota County is within the Tampa Division of the Middle District of Florida, the proper district court and division for Plaintiff to remove his state action is to the United States District Court, Middle District of Florida, Tampa Division.  Additionally, Plaintiff has failed to file a copy of process, pleadings, and other orders served on him in the state action as required by 28 U.S.C. § 1146(a) and Local Rule 4.02(b).  The

Court has examined the exhibits Plaintiff filed with his original Notice of Removal.  Although these exhibits contain some orders from the state action, they do not contain any pleadings.  Without consulting the underlying complaint, the Court cannot make any determination whether the removal of this case is proper.  As Plaintiff has failed to comply with 28 U.S.C. 1441 and 1446,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

1) Plaintiff's Affidavit of Indigency (Doc. 3) be **DENIED**;

2) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) be **DENIED**;

3) Plaintiff's Verified Request for Leave to Amend Notice of Removal to Emergency Status (Doc. 5) be **DENIED**;

4) Plaintiff's Motion for Extension of Time (Doc. 9) be **DENIED AS MOOT**; and

5) This action be **DISMISSED**.

**Respectfully recommended** in Chambers in Fort Myers, Florida on April 25, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

- 4 -

Copies furnished to:

Counsel of Record
Unrepresented Parties