UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GARY WOODROFFE,**

    **Plaintiff,**

v.                                       Case No: 8:15-cv-2610-T-27JSS

**STATE OF FLORIDA,** *et al.***,**

    **Defendants.**
_____/

## **ORDER**

This cause is before the Court *sua sponte* on the question of subject matter jurisdiction. Plaintiff, proceeding *pro se,* initiated this case by filing a Verified Notice of Removal in the Ft. Myers Division (Dkt. 1). He has amended that pleading twice (Dkts. 10, 27). Liberally construing these notices of removal, it is apparent that he is attempting to remove three unrelated state court cases, his domestic relations case relating to paternity and child support,[1] a foreclosure case filed against him in the Circuit Court in and for Sarasota County, Florida, and his 1990 Washington State criminal prosecution, in which he pled guilty to a sex offense and served a 34 month sentence of imprisonment.[2]

Federal courts are courts of limited jurisdiction. *Russell Corp. v. American Home Assur. Co.*,

---

[1] Apparently appreciating that as a plaintiff, he did not have the statutory authority to remove the state court action he filed, Plaintiff now asserts that he was the Respondent in an underlying domestic relations case. (Dkt. 28 at 3).

[2] In each of his notices of removal, Plaintiff claims numerous constitutional and RICO violations arising out of the various state court proceedings, court orders, and other actions, alleges that certain Florida statutes are unconstitutional, and claims that his Washington State conviction was wrongful. In his most recent notice, Plaintiff seeks a number of different forms of declaratory relief, injunctive relief, and $225,140,693,073.88 in damages.

264 F.3d 1040, 1050 (11th Cir. 2001). Accordingly, a federal court is "'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo–Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)). That responsibility "applies equally in removal cases." *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995); *see Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) ("This court has joined its sister circuits in holding that based on the language of § 1447(c) the district court may not *sua sponte* decide to remand the case for any procedural defect *other than lack of subject matter jurisdiction*.") (emphasis added).

The statutory right of removal is strictly construed, as it is considered a federal infringement on a state's authority to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Accordingly, when a federal court's jurisdiction is doubtful, any doubts are resolved in favor of remand. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir.1997). Plaintiff, as the removing party, has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir.1996).

Plaintiff's original 52 page Verified Notice of Removal references Sarasota Twelfth Circuit 2000-DR-0011981CA as the "Lower Case No." That case is a domestic relations action.[3] (Dkt. 1). This rambling pleading includes allegations and contentions relating to what Plaintiff characterizes as "the State of Florida and complicit respondents' . . . 'scorched earth' mission to destroy the

---

[3] In this Notice, Plaintiff also requests removal of "the current foreclosure matter in the Twelfth Circuit since constitutionally protected liberty interest violations have triggered the foreclosure." (Dkt. 1 at 52).

Petitioner's constitutionally protected liberty interests." (Dkt. 1 at 3). Additionally, Plaintiff references child custody matters in California and Florida, "rogue enforcement of illegal amounts of child support" and "another improper hearing for contempt," the foreclosure of his "Sarasota Homestead," the suspension of his driver's license, his conviction in Washington "of a sex offender," alleged obstruction of justice by the prosecutor in Washington, the denial of his request for appointment of counsel, the *sua sponte* issuance of a writ of attachment by Florida Judge Rochelle Curley, alleged improper child support arrearages, the suspension of his driver's license without a hearing, the denial of an evidentiary hearing on child support and visitation, alleged witness tampering and obstruction of justice by Florida Judges Donnellan, Curley and Riva, alleged vexatious motions for contempt filed against Plaintiff, the disallowance of responsive pleadings by the state courts, the *Younger* doctrine, alleged censored state court files, the destruction of "Parent Child relationship," contempt proceedings, the state court's declaration of him as "Vexatious Litigator," his 1990 "wrongful conviction" in Washington, and Florida's alleged disparate registration requirements, among other things.

Plaintiff's Supplemental Verified Emergency Amended Notice of Removal again references Sarasota Lower Case No. 2000-DR-011981-CA. In this pleading, Plaintiff labels himself as the "defendant," "given the third party plaintiff's prosecution by Florida Dept. Of Revenue." (Dkt. 10 at 1). And this pleading, like the first notice, is a rambling somewhat incoherent recitation of various complaints, contentions, and accusations, including what Plaintiff characterizes as the "the State's prosecution" of him in the domestic relations case. He complains about the suspension of his driver's license, harassment by the "Petitioners," witness tampering and obstruction of justice, Florida Judge Riva's alleged wrongful termination of his Fourteenth Amendment rights, and that he is facing jail time as a result of Petitioner's Motion for contempt.

Plaintiff seeks various relief, including the restoration of his driver's license, an injunction prohibiting further child support proceedings and enforcement of state court orders, the vacating of various state court orders, a declaration that certain Florida statutes are unconstitutional, contempt proceedings against various individuals, a declaration that Florida's sex offender registration requirements are unconstitutional, and relieving him of the requirement that he register as a sex offender in Florida. Finally, he expressly requests removal of the "current foreclosure matter of Petitioner's homestead in Twelfth Circuit since constitutionally protected liberty interest Stigma Plus violations have triggered the foreclosure." (Dkt. 10 at 12).

While this case was pending in the Ft. Myers Division, Plaintiff filed a Verified Request for Leave to Amend Notice of Removal to Emergency Status (Dkt. 5). That request was denied and the case was dismissed. (Dkts. 13, 14). The Eleventh Circuit vacated the dismissal, finding that "[T]he district court erred when it dismissed Woodroffe's case *sua sponte* for procedural defects in his notice of removal." (Dkt. 22 at 4). That Court expressed no opinion on whether subject matter jurisdiction existed. (*Id.*).

Back in the Ft. Myers Division, Plaintiff sought leave to amend his notice of removal, asserting only that "additional facts have emerged on the account of the Petitioner's behavior, both of a civil and criminal nature" (Dkt. 23). Leave was granted and Plaintiff filed his "Amended Notice of Removal As Of September 25, 2015" (Dkt. 27).[4]

Plaintiff's 189 page amended notice of removal is another rambling assortment of complaints, accusations and contentions, including 28 purported "counts." He names as purported

---

[4] The case was transferred to the Tampa Division as the division having the greatest nexus to the case. (Dkt. 31).

respondents his ex-wife, four Florida Circuit Judges, the Clerk of Court, the Florida Department of Revenue, the Washington State prosecutor, a state Magistrate, several Florida Assistant Attorney Generals, the Whidbey News Times, a Whidbey News Times reporter, the Florida Department of Law Enforcement, and the Sarasota Superintendent of Schools, among others.[5] In any event, his amended notice of removal once again purports to remove the Sarasota domestic relations case, the Sarasota foreclosure case, Case No. 2012 CA 008232 NC, and his 1990 criminal prosecution in Washington State, Case No. 90-00003-7.

It is apparent that this Court has no subject matter jurisdiction over Plaintiff's domestic relations case and his 1990 Washington state criminal prosecution. To the extent he attempts to invoke federal jurisdiction over the domestic relations case under 28 U.S.C. § 1331, that action did not "arise under" federal law. "For statutory purposes, a case can 'arise under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). "But even where a claim finds its origins in state rather than federal law . . . we have identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* The Supreme Court explains that "[f]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065.

Plaintiff has never attached copies of any of the underlying state court pleadings. *See* Local Rule 4.02(b) (party effecting removal shall file with the notice of removal copies of "all process,

---

[5] In his original Verified Notice of removal, Plaintiff named his ex-wife, two Florida Circuit Judges, and three Florida Assistant Attorney Generals as "Respondents" (Dkt. 1).

pleadings, orders, and other papers or exhibits of every kind" on file in the state court). Notwithstanding, there is no indication whatsoever in this record that his domestic relations petition, or any counter-petition in that proceeding, pleads a federal cause of action, necessarily raises a federal issue, or that resolution of the state law action necessarily depends on the resolution of a substantial federal question. As is apparent from the record, that case began with a petition to determine paternity and now appears to involve child support enforcement. And, to the extent Plaintiff alleges constitutional violations resulting from that proceeding or contends that the Florida statutes are being applied in an unconstitutional manner, those issues are raised by way of defense, and are not presented "on the face of the complaint." *See Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir.2004) (federal question must be presented "on the face of the complaint"); *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction."). In sum, there is no federal question jurisdiction over Plaintiff's domestic relations action and the related child support enforcement action.

Moreover, federal courts generally do not decide domestic relations cases. *Moussignac v. Georgia Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("'The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.'") (quoting *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988)); *Ankenbrandt*

*v. Richards*, 504 U.S. 689, 703 (1992) (the subject of domestic relations belongs to the States). Even if this "domestic relations exception" would not justify abstention, there is no diversity of citizenship because Plaintiff, the Florida Department of Revenue, and the child's mother are all citizens of Florida.[6] *See Moussignac*, 139 Fed. App'x at 162.

To the extent Plaintiff purports to remove his Washington State criminal prosecution, that proceeding has concluded. Judgment was entered and Plaintiff has served his sentence. There is simply no underlying case to remove. Further, 28 U.S.C. § 1443 only permits removal of "criminal prosecutions[ ] commenced in a State court":

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[7]

The removal petition must show: (1) that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 1595, 44 L. Ed. 2d 121 (1975) (internal quotations and citations omitted); *U.S. Bank, NA v. Otayek*, 447 Fed. App'x 84, 85 (11th Cir. 2011). In sum, section 1443 does not authorize removal of Plaintiff's Washington state court criminal

---

[6] (*See* Dkt. 1 at 3-4).

[7] 28 U.S.C. § 1442 does not apply because no federal officers or agencies are being sued.

prosecution because nothing he alleges relates to civil rights stated in terms of racial equality.[8]

To the extent Plaintiff asks this Court to vacate his conviction or the requirement that he register as a sex offender as a result of that conviction, federal courts do not act as appellate courts over state tribunals. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (*Rooker-Feldman* prevented district court from nullify the state-court criminal conviction).

With respect to Plaintiff's foreclosure action, Case No. 2012 CA 008232 NC, pending in the Circuit Court in and for Sarasota County, Florida, removal is clearly improper on the basis of federal question jurisdiction. As with the domestic relations case, nothing on the "face" of the action presents a federal question, and Plaintiff's assertion of violations of his constitutional rights is apparently an attempt to plead an affirmative defense.[9] *Hill*, 364 F.3d at 1314.

Plaintiff contends that diversity jurisdiction exists over the Sarasota County foreclosure action. (Dkt. 28 pp. 1, 4). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Despite the three notices of removal, there are insufficient facts alleged which would enable this Court to determine whether the plaintiff is diverse from each defendant in the foreclosure case, or the amount in controversy. Plaintiff will therefore

---

[8] "That a removal petitioner will be denied due process of law because . . . the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1)." *Johnson*, 421 U.S. at 219.

[9] *See, e.g.*, Dkt. 1 p. 46 ("Petitioner's homestead is in foreclosure caused by violations of constitutionally protected liberty interests, inability to gain employment or succeed beyond the respondent – generated Stigma Plus, case number 58-2012-ca-008232-nc.").
...

be granted leave to file a second amended notice of removal, but <u>only</u> with respect to Case No. 2012 CA 008232 NC. He must identify and allege the citizenship of each party as well as the amount in controversy, failing which this action will be remanded without further notice.

Accordingly,

1.  Case No. 2000-DR-0011981CA is **REMANDED** to the Twelfth Judicial Circuit in and for Sarasota County, Florida.

2.  Case No. 90-00003-7, to the extent any such case exists, is **REMANDED**.

3.  Plaintiff is granted leave to file, no later than **February 12, 2016**, a second amended notice of removal with respect to the Sarasota County foreclosure case, Case No. 2012 CA 008232 NC. He must sufficiently alleges the citizenship of each party and the amount in controversy in that case, failing which this action will be remanded without further notice.[10]

4.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 34) is **DENIED without prejudice,** pending a determination of the Court's jurisdiction.

5.  Plaintiff's Verified Motion for Damages; Default, Summary Judgment Declaratory Judgment and Injunctive Relief (Dkt. 35) is **DENIED**. No Defendant has been served with process.

**DONE AND ORDERED** this 29th day of January, 2016.

*[signature]*
JAMES D. WHITTEMORE
United States District Judge

Copies to: Plaintiff *pro se*

---

[10] There shall be no references to the other two cases in the second amended notice of removal. Failure to comply with this directive will result in the case being remanded without further notice.